lml/sc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. | 05-40042-01- JAR |
| | ) | | 06-3064-JAR |
| ANTHONY WEEDEN, | ) | | |
| Defendant/Petitioner. | ) | | |

### MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/petitioner Anthony Weeden filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 35).  In his motion, petitioner asks the Court to modify and reduce his sentence for two reasons: (1) his counsel was ineffective because she failed to raise the issue of petitioner's mental health; and (2) the court erred by ordering petitioner's 188-month sentence to run consecutively with any previous state court sentence.  In response to petitioner's motion, the government moves the Court to enforce the plea agreement (Doc. 39).

### I.  Procedural History

On September 12, 2005, petitioner pled guilty to one count of obstructing interstate commerce by robbery (Doc. 21).  Petitioner was represented by Marilyn Trubey, Assistant Federal Public Defender ("Counsel").  Petitioner signed a plea agreement stating that he understood that he faced a mandatory minimum sentence of twenty years for the offense of conviction.  It states further that he understood "that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive."  Under the

plea agreement, the parties agreed that petitioner unlawfully took approximately $800 from an employee of Walgreens against his will by threatening him with a handgun and demanding money.  The plea agreement includes a waiver of appeal and collateral attack, stating that petitioner "waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed unwaivable under the holding of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)."  Attached to the plea agreement is a Petition to Enter Plea, signed by the petitioner, which attests that the plea was made freely and voluntarily and that petitioner understood the waiver included in the plea agreement and the maximum sentence that may be imposed based on his plea.

At the plea hearing, petitioner stated on the record that he did not receive any "promises or assurances" that would have induced him into signing the plea agreement, other than what was contained in the agreement itself.  He assured the Court that the decision to plead guilty was made voluntarily of his own free will.  In addition, the Court twice explained to petitioner that for sentencing purposes, the Court may consider other factors as relevant conduct if it finds that the information is reliable and accurate.  Petitioner twice stated on the record that he understood. Petitioner also stated on the record that he understood that the plea agreement included a waiver of appeal from the sentence unless the Court departs upward from the Guideline sentencing range.

Petitioner's sentencing hearing was held on February 6, 2006.  Petitioner submitted timely objections to the report, which included objecting to: (1) the application of U.S.S.G. § 2B3.1(b)(2)(c) (a five-level enhancement for brandishing a firearm); (2) the application of

U.S.S.G. § 4A1.1 (a two-level enhancement for being on escape status when the offense was committed); and (3) the presentence report writer's position that the sentence in this case should run consecutively with the unexpired sentence from the District of Mississippi.  Petitioner further disputed the presentence report writer's suggestion that an upward departure may be warranted, arguing instead that he was entitled to a downward departure based on his mental illness and illiteracy.

The Court sustained petitioner's first objection, noting that it would have no effect on the guideline calculation.  The Court denied petitioner's remaining objections, however, and assigned petitioner an offense level of 32 with a criminal history category of VI.  Under the Guidelines, the applicable sentencing range was 151-188 months.  The Court sentenced petitioner to 188 months of imprisonment to be served consecutively to any sentence received in a separate Mississippi state court proceedings.

Petitioner now asks the Court to vacate this sentence, asserting two different grounds for relief.

## II. Analysis

Under 28 U.S.C. § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1]  The Court determines that the motion and files of this case are conclusive in showing that this petitioner is not entitled to relief on the grounds asserted in his motion.

In this case, petitioner entered into a plea agreement with a provision waiving his right to collaterally attack his sentence.  The Court will hold a defendant and the government to the

---

[1] *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001) (internal quotation and citation omitted).

3

terms of a lawful plea agreement.[2]  Therefore, a knowing and voluntary waiver in a plea

agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[3]

The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such

a waiver in which the court must determine: (1) whether the disputed issue falls within the scope

of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3)

whether enforcing the waiver would result in a miscarriage of justice.[4]

> **A.      Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the Court

begins with the plain language of the plea agreement.[5]  The plea agreement is construed

"according to contract principles and what the defendant reasonably understood when he entered

his plea."[6]  The Court strictly construes the waiver and resolves any ambiguities against the

government and in favor of the defendant.[7]

As described above, petitioner's plea agreement contained a provision waiving his right

to appeal and collaterally attack his sentence.  The scope of this waiver unambiguously includes

the right to collaterally attack, by way of a § 2255 motion, any matter in connection with his

prosecution, conviction, and sentence.  Petitioner's instant motion is a collateral attack on his

sentence by way of a § 2255 motion.  It therefore falls within the scope of the waiver contained

---

[2]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[3]*United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

[4]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

[5]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[6]*Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).

[7]*Hahn*, 359 F.3d at 1343.

in the plea agreement.

### B.      Knowing and Voluntary Waiver

A waiver is enforceable when it is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[8]  To determine whether a waiver of appellate rights is knowing and voluntary, the Court must examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[9] In other words, the defendant must be addressed in open court before entry of a guilty plea to determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in the plea agreement).[10]

Here, the waiver is explicitly stated in the written plea agreement, and petitioner's statements at the plea hearing show that the waiver was made both knowingly and voluntarily. At the plea hearing, the Court twice explained to petitioner that his plea agreement contained the waiver.  Petitioner twice stated on the record that he understood that the plea agreement included this waiver.  Petitioner also stated on the record that his decision to plead guilty was made voluntarily of his own free will.  Further, he stated that he did not receive any promises or assurances that would have induced him into signing the agreement, other than what was contained in the agreement itself.  Petitioner is "bound by his solemn declarations in open court" that contradict the statements in his motion that he was coerced into accepting the plea

---

[8] *Cockerham*, 237 F.3d at 1183.

[9] *Hahn*, 359 F.3d at 1325.

[10] Fed. R. Crim. P. 11(b)(2).

agreement.[11]   Therefore, the language of the plea agreement and the statements made by petitioner during the plea colloquy establish that petitioner's waiver of his rights was given knowingly and voluntarily.

### C.     Miscarriage of Justice

Because petitioner knowingly and voluntarily waived the right to collaterally attack his sentence, his § 2255 motion fails unless such failure would result in a miscarriage of justice.[12] This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[13]   The defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.[14]

With respect to his complaints about his sentence, petitioner has not met his burden as to any of these factors.   There is no indication that the Court relied on an impermissible factor such as defendant's race.   Petitioner's concurrent sentence was not unlawful under U.S.S.G. § 5G1.3(a), which requires the court to impose the sentence for the instant offense to run consecutively to the undischarged term of imprisonment if the instant offense was committed

---

[11]*Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996), *cert. denied*, 519 U.S. 998 (1996).

[12]*Hahn*, 359 F.3d at 1327.

[13]*Id.*

[14]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

while the defendant was serving a term of imprisonment.[15]  Moreover, the 188-month sentence

did not exceed the statutory maximum of 20 years for a violation of 18 U.S.C. § 951.

Petitioner's second claim is ineffective assistance of counsel.  A plea agreement waiver

of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective

assistance of counsel claims challenging the validity of the plea or waiver."[16]  In order to survive

the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the

ineffectiveness claim must pertain to the validity of the plea.[17]  "Collateral attacks based on

ineffective assistance of counsel claims that are characterized as falling outside this category are

waivable."[18]

To succeed on a claim of ineffective assistance of counsel, petitioner must satisfy the

two-prong test in *Strickland v. Washington*.[19]  Under that test, petitioner must first demonstrate

counsel's performance was deficient because it "fell below an objective standard of

reasonableness."[20]  Second, he must prove the counsel's deficient performance prejudiced his

defense.[21]  "In the context of a guilty plea, the prejudice prong requires a defendant to show that

---

[15]U.S.S.G. § 5G1.3(a).  *See United States v. Contreras*, 210 F.3d 1151, 1152 (10th Cir. 2000) (district court has broad discretion to sentence a defendant to a consecutive or concurrent sentence).  In this case, defendant was mistakenly released from custody in Mississippi at the time of the instant offense, and had yet to serve one of his state court sentences.

[16]*United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[17]*Id.*

[18]*Id.*

[19]466 U.S. 668 (1984).

[20]*Id.* at 688.

[21]*United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[22]

Petitioner contends that he received ineffective assistance of counsel in that his counsel failed to raise the issue of petitioner's mental health in relation to the length of his sentence.  On the contrary, the record clearly indicates that defense counsel requested a downward departure based on petitioner's purported mental illness and illiteracy, which the Court overruled and denied.  Thus, the Court finds Counsel's performance reasonable under *Strickland*.  Moreover, petitioner is not claiming that but for his Counsel's alleged error, he would not have pled guilty to the offense.

Because this claim does not pertain to the validity of the plea agreement or waiver, petitioner waived the right to raise it in a collateral proceeding when "he knowingly and voluntarily entered the plea and made the waiver."[23]  Petitioner's claim of ineffective assistance of counsel regards Counsel's failure to secure a departure based on his mental health and illiteracy.  This failure could only pertain to the validity of petitioner's plea if counsel led him to believe at the time he entered his plea that he would secure the departure.  The terms of the plea agreement, which petitioner understood and voluntarily assented to, did not guarantee this reduction.  Petitioner attested in his Petition to Enter Plea that he received no promises, suggestions or predictions about his sentence before entering his plea, and that he understood that any such promises had no authority.  Paragraph six of the plea agreement states that "the defendant understands that the sentence to be imposed will be determined solely by the United

---

[22]*Id.* at 1211.

[23]*United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001).

States District Judge."[24]  The plea agreement goes on to state, "the defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty."[25]  The Court finds that counsel's performance at sentencing had no bearing on petitioner's decision to enter a guilty plea.

Because petitioner's claim of ineffective assistance of counsel lacks merit and does not challenge the validity of his plea or waiver, it does not survive the waiver of the right to collaterally attack his sentence under § 2255 contained in his plea agreement.  Consequently, this claim is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence  (Doc. 35)  is DENIED.

IT IS SO ORDERED.

Dated this  11th  day of January 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[24](Doc. 21,¶ 6.)

[25](*Id*. at ¶ 8.)