IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

    v.

ANTHONY WEEDEN,

    Defendant/Petitioner.

No. 05-40042-01-JAR
No. 17-4053-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Anthony Weeden's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 45). For the reasons stated below, Petitioner's motion is dismissed as an unauthorized second or successive motion

*Background*

On September 12, 2005, Petitioner pled guilty to one count of obstructing interstate commerce by robbery.[1] The Presentence Investigation Report ("PSR") applied a five-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(C) for brandishing a firearm; and a two-level enhancement pursuant to U.S.S.G. § 4A1.1 for being on escape status when the offense was committed.[2] Petitioner's total offense level was 32, with a criminal history category of VI, with a resulting Guidelines range of 151–188 months. On February 13, 2006, this Court sentenced Petitioner to 188 months' imprisonment to be served consecutively to any sentence received in a separate Mississippi state court proceeding.[3]

---

[1] Doc. 21.
[2] Doc. 32.
[3] Doc. 34.

Petitioner's first motion for § 2255 relief was based on ineffective assistance of counsel.[4] This Court denied his request for relief.[5] Petitioner did not file a direct appeal. Petitioner filed the instant motion to vacate his sentence under § 2255, citing the recent Supreme Court decision in *Mathis v. United States.*[6] Petitioner did not seek nor obtain authorization from the Tenth Circuit prior to filing his motion.

*Discussion*

A prisoner may not file a second or successive § 2255 motion unless he first seeks and procures an order from the appropriate court of appeals authorizing the district court to consider the motion.[7] A district court does not have jurisdiction to decide the merits of a federal prisoner's second or successive § 2255 motion unless and until the circuit court grants the required authorization.[8] As explained by the Tenth Circuit, however, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631."[9] Alternatively, the court "may dismiss the motion or petition for lack of jurisdiction."[10]

There is no question that this motion is a second or successive motion under § 2255, triggering the authorization requirements of § 2255(h). Because Petitioner's second or successive claim under § 2255 was filed without the requisite authorization from the Tenth

---

[4]Doc. 35.

[5]Doc. 41.

[6]136 S. Ct. 2243 (2016).

[7]Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9; *see also United States v. Nelson,* 465 F.3d 1145, 1148 (10th Cir. 2006).

[8]*Nelson,* 465 F.3d at 1148.

[9]*In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).

[10]*Id.*

Circuit, the Court determines whether it is in the interest of justice to transfer his claims to the Tenth Circuit under § 1631 or dismiss the motions for lack of jurisdiction.[11]  The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes that it is not in the interest of justice to transfer the matter to this court for authorization."[12]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[13]  Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would have been time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[14] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of two conditions: either (1) the existence of newly discovered evidence; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[15]

Petitioner claims that he is entitled to relief given the existence of a new rule of constitutional law in *Mathis v. United States*, where the Supreme Court explained that before imposing the five-year enhancement under the Armed Career Criminals Act ("ACCA"), a sentencing court must determine whether a defendant's prior convictions qualify as one of the

---

[11]*Id.*

[12]*Id.*

[13]*Id.* at 1252–53.

[14]*Id.* at 1252 (citing *Trujillo v. Williams,* 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[15]*United States v. Harper,* 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

enumerated "violent felonies."[16]  To make this determination, courts apply the "categorical approach," looking at the "generic versions" and "not to all variants of the [enumerated] offenses."[17]  However, the Tenth Circuit has determined that the rule announced in *Mathis* is not new and does not apply retroactively.[18]  Because *Mathis* is not retroactively applicable to cases on collateral review, and did not announce a new rule of law, Petitioner cannot rely on it in a successive § 2255 motion filed more than ten years after the judgment in his criminal case became final.  Petitioner's motion is untimely.

Accordingly, Petitioner's motion does not meet the requirements for second or successive § 2255 motions, and the Court dismisses the motion for lack of jurisdiction rather than transferring to the Tenth Circuit.[19]

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's § 2255 motion (Doc. 45) is hereby DISMISSED as an unauthorized second or successive § 2255 motion.

**IT IS SO ORDERED.**


Dated: July 28, 2017

                                             S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[16]136 S. Ct. 2243, 2248 (2016).

[17]*Id.*

[18]*United States v. Taylor*, ---F. App'x ---, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (collecting cases).

[19]*See United States v. Lara-Jiminez,* 377 F. App'x 820, 822 (10th Cir. 2010) (explaining transfer not in the interest of justice when claims clearly do not meet requirements in Section 2255(h)); *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008) (stating district court may refuse to transfer motion where motion fails on its face to satisfy any of the authorization standards of Section 2255(h)).